Torrance L. Coburn
TIPP COBURN & ASSOCIATES PC
2200 Brooks Street
P.O. Box 3778
Missoula, MT  59806-3778
Telephone: (406) 549-5186
torrance@tcsattorneys.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KATHERINE PRAVAZABOJOVNIK, | Cause No.CV-23-27-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | COMPLAINT and<br>DEMAND FOR JURY TRIAL |
| J & M AUTOS, INC., | |
| Defendant. | |

COMES NOW the Plaintiff, Katherine Pravazabojovnik

("Pravazabojovnik"), and for her Complaint against the Defendant, states and

alleges as follows:

**JURISDICTION AND VENUE**

1.     This action arises under Title VII of the Civil Rights Act, as amended

(42 U.S.C. § 2000e et seq.), and the Montana Human Rights Act (Mon. Code Ann.

§ 49-2-303 et seq.).   This Court has original jurisdiction over this matter pursuant

-1-

to 28 U.S.C. § 1331, because some of the claims arise under the laws of the United States.

2.      This Court also has supplemental jurisdiction over Pravazabojovnik's state law claims pursuant to 28 U.S.C. § 1367, because the state law claims are part of the same case and controversy as the federal claims

3.      Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4.      The Plaintiff, Katherine Pravazabojovnik, is currently a resident of the State of Montana, Cascade County.  At the time of the discrimination as described below, the Plaintiff was a resident of the State of Montana, Cascade County.

5.      The Defendant, J & M Autos, Inc. ("J & M") is a Montana corporation with its principal office address located at 4100 10th Avenue S, Great Falls, Montana 59405.  Defendant has conducted and currently conducts business in Montana, and is authorized to do the same.  Defendant's registered agent is James L. Taylor, at 4100 10th Avenue S, Great Falls, Montana 59405.

6.      At all times pertinent to this Complaint, the Defendant employed fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year.

//

//

## GENERAL ALLEGATIONS

7.      The Plaintiff was employed with the Defendant from June 7, 2021 until December 14, 2021.

8.      During the course of her employment with the Defendant, the Plaintiff was employed as a Main Line Technician.

9.      During the course of her employment with the Defendant, the Plaintiff was subjected to harassment and discrimination based upon her sex.  Plaintiff was frequently harassed by a particular male coworker, who subjected Plaintiff to harassing and threatening conduct based upon her sex.  Furthermore, rumors of a sexual nature were spread about the Plaintiff by her male coworkers.

10.     While employed with the Defendant, the Plaintiff reported the above-described harassment and discriminatory conduct to the Defendant via her direct supervisor; however, the conduct continued.

11.     In addition to the above-described harassment and discriminatory conduct, the Defendant subjected the Plaintiff to disparate treatment from her male coworkers, including subjecting her to separate rules and restrictions. Additionally, she was paid less than male Main Line Technicians with similar experience and seniority, and was denied similar fringe benefits.

12.     The above-described harassment was pervasive and continuous throughout the Plaintiff's employment with the Defendant, and created a hostile work environment.

13.     On or around December 14, 2021, the Plaintiff reported the on-going sexual discrimination she was facing to the Defendant's Human Resources Representative.

14.     Thereafter, on or around December 14, 2021, the Defendant terminated the Plaintiff's employment.

15.     During the course of her employment with the Defendant, the Plaintiff performed the duties associated with her employment in a reasonable and satisfactory manner.  Moreover, good cause did not exist to terminate the Plaintiff's employment.

16.     The Plaintiff timely filed her complaint alleging discrimination with the EEOC and the Montana Human Rights Bureau.

17.     The EEOC issued its Notice of Suit Rights regarding the Plaintiff's complaint of discrimination on March 1, 2023.

18.     The Plaintiff's Complaint has been timely filed with this Court.

//

//

## COUNT ONE – SEX-BASED DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

19.　　Plaintiff Pravazabojovnik realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

20.　　The above-described acts and harassment committed by J & M against Pravazabojovnik constitute illegal discrimination in violation of Title VII of the Civil Rights Act, as amended (42 U.S.C. § 2000e et seq.).

21.　　As a result of the Defendant's discrimination against the Plaintiff because of her sex, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

22.　　The Defendant's above-described violation of Title VII of the Civil Rights Act was intentional and was done with malice and/or reckless indifference towards the Plaintiff's rights and the injuries she suffered as a result.　Therefore, the Defendant is liable to the Plaintiff for punitive damages.

## COUNT TWO – SEX-BASED DISCRIMINATION IN VIOLATION OF The MONTANA HUMAN RIGHTS ACT

23.　　Plaintiff Pravazabojovnik realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

24.　　The above-described acts and harassment committed by J & M against Pravazabojovnik constitute illegal discrimination in violation of the Montana Human Rights Act.

25.     As a result of the Defendant's discrimination against the Plaintiff because of her sex, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

26.     The Defendant's above-described violation of the Montana Human Rights Act was intentional and was done with malice and/or reckless indifference towards the Plaintiff's rights and the injuries she suffered as a result.  Therefore, the Defendant is liable to the Plaintiff for punitive damages.

## COUNT THREE – RETALIATORY TERMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

27.     Plaintiff Pravazabojovnik realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

28.     Despite the fact that the Plaintiff was qualified for her position as Main Line Technician and performed the duties of her position in a reasonable and satisfactory manner, the Defendant terminated the Plaintiff's employment.

29.     The Defendant's above-referenced termination of the Plaintiff's employment was in retaliation for the Plaintiff engaging in a protected activity as contemplated by 42 U.S.C. § 2000e-3, in violation of Title VII of the Civil Rights Act, as amended.

30.     As a result of the Defendant's illegal discrimination against the Plaintiff, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

31.     The Defendant's above-described violation of Title VII of the Civil Rights Act was done with malice and/or reckless indifference towards the Plaintiff's rights and the injuries she suffered as a result.  Therefore, the Defendant is liable to the Plaintiff for punitive damages.

## COUNT FOUR – RETALIATORY TERMINATION IN VIOLATION OF THE MONTANA HUMAN RIGHTS ACT

32.     Plaintiff Pravazabojovnik realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

33.     By terminating Pravazabojovnik's employment because she engaged in a protected activity, the Defendant engaged in illegal discrimination in violation of the Montana Human Rights Act.

34.     As a result of the Defendant's illegal discrimination against the Plaintiff, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

35.     The Defendant's above-described violation of the Montana Human Rights Act was done with malice and/or reckless indifference towards the

Plaintiff's rights and the injuries she suffered as a result.  Therefore, the Defendant is liable to the Plaintiff for punitive damages.

WHEREFORE, Plaintiff requests that this Court:

A. Issue judgment declaring that the Defendant's acts, policies, practices and procedures complained of above violated the Plaintiff's rights secured under both Title VII of the Civil Rights Act, as amended, and the Montana Human Rights Act;

B. Grant the Plaintiff a permanent injunction enjoining the Defendant from engaging in any employment policy or practice that discriminates on the basis of sex and/or in retaliation for engaging in protected activities, or is otherwise in violation of Title VII of the Civil Rights Act, as amended and/or the Montana Human Rights Act;

C. Order the Defendant to make the Plaintiff whole by providing appropriate back pay and reimbursement for lost pension, Social Security, Unemployment Compensation, experience, training opportunities, and other benefits in an amount to be shown at trial, and other affirmative relief including, but not limited to, front pay, reinstatement or reconsideration by the Defendant for employment opportunity;

D. Order the Defendant to compensate the Plaintiff for all general and special damages suffered by Plaintiff as a result of the Defendant's actions as alleged above;

E. For punitive damages, in an amount to be set by the jury, for the Defendant's actions as alleged above, which were committed with actual malice;

F. Retain jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law and require the Defendant to file any reports that the Court deems necessary to evaluate compliance;

G. For Plaintiff's costs and attorneys' fees incurred herein;

H. For such and other relief as may be determined just and equitable by this Court and in compliance with the laws of the United States of America and the State of Montana.

DATED this 30th day of May, 2023.

TIPP COBURN & ASSOCIATES PC

By: */s/ Torrance L. Coburn*
Torrance L. Coburn
P.O. Box 3778
Missoula, MT 59806-3778
*Attorneys for Plaintiff*

//

//

//

//

-9-

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, by and through her attorneys, and demands a jury trial on all issues of fact in the above case.

DATED this 30th day of May, 2023.

TIPP COBURN & ASSOCIATES PC

By: _/s/ Torrance L. Coburn_
Torrance L. Coburn
P.O. Box 3778
Missoula, MT 59806-3778
_Attorneys for Plaintiff_